UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jacqueline Rodriguez, as Administrator of the
Estate of Matilda Simono,

    Plaintiff,

—v—

Gemco Realty II, LLC, *et al.*,

    Defendants.

---

16-CV-5385 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 1 2017

ALISON J. NATHAN, District Judge:

  On October 23, 2017, the Court issued a Memorandum & Order in the above-captioned Fair Labor Standards Act ("FLSA") matter approving the *submitted* settlement agreement – which only resolved Plaintiff Simono's wage-and-hour claims under the FLSA. *See* Dkt. No. 32. The parties had resolved Ms. Simono's retaliation claim under the FLSA by a separate agreement *not* submitted to the Court for approval. *Id.*

  Under the Second Circuit's directive in *Cheeks v. Freeport Pancake House, Inc.*, the Court must review any FLSA settlement to ensure it is "fair and reasonable." 796 F.3d 199 (2015). The parties presented no authority for their belief that they could settle Plaintiff's retaliation claim under the FLSA without judicial approval, and the Court ordered the parties to either show cause why the unsubmitted agreement is not subject to judicial approval, or to submit that agreement for judicial review. *See* Dkt. No. 32.

  On November 17, 2017, the parties submitted a revised Settlement Agreement and Release, this time including Plaintiff's FLSA retaliation claims. *See* Dkt. No. 37 & Ex. A. They presently seek the Court's approval of the same.

The revised set of agreements settles Plaintiff's retaliation claim for an additional $10,000 (bringing the total settlement amount in the submitted Agreement to $20,000), and includes the attendant 33% attorney's fees for this additional amount, while deducting an equal amount from the private, unsubmitted Agreement. *Id.* The revisions also modify the release provision of the submitted agreement so as to include the FLSA retaliation claim, and modify the confidentiality and non-disparagement provisions of the unsubmitted agreement so as to retain Plaintiff's right to make truthful representations about her experience litigating her FLSA retaliation claim. *Id.* at 5-6 & Ex. B.

For the reasons stated in the Court's October 23 Order and in the parties' November 17 joint submission, the Court approves the settlement in full as "fair and reasonable" pursuant to the directive in *Cheeks*. The action is dismissed with prejudice in its entirety against all Defendants with no award of attorneys' fees or costs to any party.

SO ORDERED.

Dated: November 21, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge